**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PETER RAY ARAGON,

         Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

         Respondents-Appellees.

No. 98-2192
(D.C. No. CIV-96-1208-BB)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Peter Ray Aragon appeals the district court's dismissal of his amended petition for a writ of habeas corpus for failure to exhaust all the claims contained therein. We affirm.

On September 3, 1996, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254, alleging nine claims for relief. The district court dismissed four of the claims and appointed counsel to represent petitioner on the remaining claims. Petitioner, through appointed counsel, moved to amend the petition to add six claims related to his habitual offender sentence enhancement. The motion was granted, and on February 24, 1998, petitioner filed his amended petition.

On March 27, 1998, respondent moved to dismiss the petition because it contained exhausted and unexhausted claims. The matter was referred to a magistrate judge, who recommended dismissing the "mixed" petition pursuant to Rose v. Lundy , 455 U.S. 509, 510 (1982). In his objections to the magistrate judge's recommendation, petitioner made the following statement:

> If this court adopts the Magistrate's findings and finds that new claims 11, 12, 13, and 15 . . . are not exhausted, then Mr. Aragon asks this court to dismiss those claims without prejudice and to remand this matter to the Magistrate for further proceedings on the exhausted claims.

R. I, doc. 43, p. 2. The district court noted that it could not dismiss only the unexhausted claims, but was required to dismiss the entire petition. This appeal followed.

-2-

In Rose v. Lundy , the Supreme Court held that a "district court must dismiss . . . 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims *or of amending or resubmitting the habeas petition to present only exhausted claims* ." 455 U.S. at 510 (emphasis added). Throughout the opinion, the Court reiterated that a petitioner who chooses to abandon his unexhausted claims must actually amend the petition to delete such claims. See, e.g. , id. at 520 (noting that prisoners who submit mixed petitions "are entitled to resubmit a petition with only exhausted claims," and that they always have the option to "amend the petition to delete the unexhausted claims, rather than returning to state court"). Nowhere does the Court authorize a district court to retain exhausted claims while simply dismissing the unexhausted claims without prejudice.

The Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims. See Harris v. Champion , 48 F.3d 1127, 1131, 1133 (10th Cir. 1995) (disapproving dismissal of unexhausted claims only and clarifying that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim").

Contrary to petitioner's argument on appeal, a request for dismissal of unexhausted claims without prejudice is not the same as actively amending the

petition to present only exhausted claims. Such a deliberate act makes clear that the petitioner is choosing to abandon his unexhausted claims, knowing that any attempt to bring such claims later will probably result in their dismissal as a successive petition. It is the act of the petitioner, then, that abandons the claims, not the court's act of dismissing such claims without prejudice. Despite clear case law requiring petitioner to abandon his unexhausted claims by amending or resubmitting the petition, he did not do so. Further, based on petitioner's earlier amendment of his petition, it is clear he knew how to ask for the court's permission to amend. The district court did not err, therefore, in dismissing the entire mixed habeas petition based on      Rose v. Lundy  .

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-